1   CALDWELL LESLIE & PROCTOR, PC
    CHRISTOPHER G. CALDWELL, SBN 106790
2   E-mail: caldwell@caldwell-leslie.com
    SANDRA L. THOLEN, SBN 180518
3   E-mail: tholen@caldwell-leslie.com
    HEATHER PEARSON, SBN 235167
4   E-mail: pearson@caldwell-leslie.com
    1000 Wilshire Blvd., Suite 600
5   Los Angeles, California  90017-2463
    Telephone:  (213) 629-9040
6   Facsimile:  (213) 629-9022

7   Attorneys for Plaintiffs

8   DANIEL E. ROBBINS, SBN 156934
    15301 Ventura Boulevard, Building E
9   Sherman Oaks, CA 91403
    Telephone: (818) 995-6600
10

11  Of Counsel to Plaintiffs

12              **UNITED STATES DISTRICT COURT**

13         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14

15  TWENTIETH CENTURY FOX FILM        Case No. 2:08CV04074 FMC (RZx)
    CORPORATION, a Delaware
16  corporation; UNIVERSAL CITY       **PERMANENT INJUNCTION**
    STUDIOS LLLP, a Delaware limited  **PURSUANT TO STIPULATION**
17  liability limited partnership; WALT
    DISNEY PICTURES, a California
18  corporation; WARNER BROS.
    ENTERTAINMENT INC., a Delaware
19  corporation; and PARAMOUNT
    PICTURES CORPORATION, a
20  Delaware corporation,

21                  Plaintiffs,

22          v.

23

24  GOWELL ELECTRONIC LIMITED, a
    China Corporation,
25

26

27                  Defendant.

28

CALDWELL
LESLIE &
PROCTOR

WHEREAS Plaintiffs Twentieth Century Fox Film Corporation, Universal City Studios LLP, Walt Disney Pictures, Warner Brothers Entertainment Inc., and Paramount Pictures Corporation, (collectively "Plaintiffs") filed the above-captioned action against Defendant Gowell Electronic Limited ("Defendant") on or about June 19, 2008 (the "Action");

WHEREAS, Plaintiffs and Defendant (collectively "the Parties") promptly initiated discussions in an effort to resolve this dispute without unnecessary expenditure of time or money and without any admission of liability or an admission of the merit or lack of merit of any of the claims or defenses asserted;

WHEREAS, as a result of those discussions, the Parties have reached an agreement for the settlement and dismissal of the Action, the full terms and conditions of which are set forth in a document entitled "Settlement Agreement and Mutual Releases" dated as of September 22, 2008 (the "Settlement");

WHEREAS, the Parties' Settlement is conditioned upon entry by the Court of a permanent injunction on the terms and conditions set forth herein; and

WHEREAS, the Parties stipulate and agree that this Court has jurisdiction to enter a permanent injunction on the following terms and conditions and that the Court shall have continuing jurisdiction for purposes of enforcing this injunction and the Parties' Settlement;

CALDWELL
LESLIE &
PROCTOR

-1-

1  THEREFORE, the Parties hereby stipulate and agree and request that the

2  Court enter the attached [Proposed] Permanent Injunction Pursuant to Stipulation

3  ("Permanent Injunction").

4

5      IT IS SO STIPULATED.

6

7  DATED:  _____, 2008    Respectfully submitted,

8                  CALDWELL, LESLIE, & PROCTOR PC

9

10                  By _____

11                     SANDRA L. THOLEN

                Attorneys for Plaintiffs

12

13

14  DATED:  _____, 2008    KAUTH, POMEROY, PECK & BAILEY, LLP

15

16                  By _____

17                     JOEL A. KAUTH

                Attorneys for Defendant GOWELL

18                  ELECTRONIC LIMITED

19  DATED:  _____, 2008    GOWELL ELECTRONIC LIMITED

20

21                  By _____

22                  Its _____

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR

Pursuant to the foregoing stipulation of the Parties and for good cause shown, the Court hereby enters a Permanent Injunction as follows:

**PERMANENT INJUNCTION**

1.      IT IS HEREBY ORDERED that Defendant Gowell Electronic Limited, its agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, assigns, and those acting in concert with them or at their direction (collectively "Gowell"), are hereby restrained and enjoined from violating any term of the Content Scramble System ("CSS") licensing agreement between Gowell and the DVD Copy Control Association (the "DVD CCA License"), including, without limitation (a) section 6.2 of version 2.9 of the CSS Specifications (effective January 24, 2007) as incorporated by section 4.2 of the DVD CCA License and (b) any successor versions of the CSS Specifications that relate to, augment or modify section 6.2 of the CSS Specifications (the "Copy Protection Requirements").

2.      IT IS FURTHER ORDERED that, commencing with the quarter beginning October 1, 2008, and continuing for five years thereafter, Gowell shall, within thirty (30) days of the end of each fiscal quarter, provide to Plaintiffs' designated representative(s) quarterly reports, executed by an officer of Gowell under penalty of perjury under the laws of the State of California (a) identifying, by model number, each DVD Product incorporating the CSS technology that is released by Gowell during that quarter; and (b) attesting that each such model properly implements those Copy Protection Requirements mandated by the DVD CCA License and the CSS Specifications.  In the event Gowell releases a DVD Product to which changes have been made that do not affect the functions governed by the CSS Specifications and that is otherwise operationally identical in terms of software, hardware and operations relating to functions governed by the CSS Specifications to a DVD Product that has been previously submitted for testing under paragraphs 3

and 4 below, Gowell shall also identify by model number, the original DVD product on which such product is based.

3.    IT IS FURTHER ORDERED THAT for a period of two years from the date this Permanent Injunction is entered, Gowell shall permit Plaintiffs' designated representative(s) to review and test any new or re-engineered Gowell product that incorporates CSS technology before such product is transferred to any third party pursuant to any commercial transaction.  For purposes of this paragraph and paragraph 4 below, the term "new or re-engineered Gowell product" shall not include DVD Products to which changes have been made that do not affect the functions governed by the CSS Specifications and that are otherwise operationally identical in terms of software, hardware and operations relating to functions governed by the CSS Specifications, to a DVD Product that has been previously submitted for testing under paragraph 4, so long as such product is identified in the quarterly reports submitted by Gowell under paragraph 2.  The term "new or re-engineered Gowell product" shall include any DVD Product to which any new audio or video output governed by the CSS Specifications has been added or modified.  In the event that Gowell updates or upgrades the software or firmware of a DVD Product, and such update or upgrade affects functions governed by the CSS Specifications, Gowell shall notify Plaintiff's designated representative(s) and make such update or upgrade available to Plaintiffs' designated representative(s).

4.    For purposes of Plaintiffs' testing and review under paragraph 3, Gowell shall provide Plaintiffs' designated representative(s) with the results of Gowell's own testing, if any, and at least two test samples of each new or re-engineered Gowell product that incorporates CSS technology at least thirty days before the product is transferred to any third party pursuant to any commercial transaction.  Plaintiffs' designated representatives shall complete the testing of each test sample and provide the results of Plaintiffs' testing to Gowell within fifteen days of the date such sample is received by Plaintiffs.

CALDWELL
LESLIE &
PROCTOR

-4-

5.      The submission of test samples and test reports shall be for the sole purpose of permitting Plaintiffs to verify that the product complies with the DVD CCA License and the CSS Specifications.

6.      Unless otherwise defined herein, all terms in this Permanent Injunction shall have the same meanings as are set forth in the DVD CCA License.

7.      For purposes of this Permanent Injunction, Daniel Robbins, Jim C. Williams and Andrea Avila (15301 Ventura Boulevard, Building E Sherman Oaks, CA 91403) shall each be designated by Plaintiffs as their initial designated representatives.  Plaintiffs may change a designated representative at any time without further order of the Court, by serving a notification of change of designated representative upon Gowell in compliance with the notice provisions set forth in the Parties' Settlement Agreement.

8.      Absent a further order by this Court, this Permanent Injunction shall expire and be of no further force and effect upon the earlier of (1) five years from the date of entry of this Permanent Injunction; or (2) cancellation and/or revocation of Gowell's DVD CCA License.

9.      This Permanent Injunction shall be effective without the posting of any bond or undertaking by Plaintiffs.

10.     Notwithstanding the subsequent dismissal of this Action by Plaintiffs, this Court shall retain continuing jurisdiction over the Parties and the Action for purposes of modifying or enforcing this Permanent Injunction and/or enforcing the Parties' Settlement Agreement.

IT IS SO ORDERED:

DATED:  10/21/08

_____
HONORABLE FLORENCE-MARIE COOPER
United States District Court Judge

CALDWELL
LESLIE &
PROCTOR

-5-

1  DATED:  October  14, 2008          Respectfully submitted,

2

3                                      CALDWELL LESLIE & PROCTOR, PC
                                       CHRISTOPHER G. CALDWELL
                                       SANDRA L. THOLEN
4                                      HEATHER PEARSON

5

6                                      By _____/s/_____
                                              SANDRA L. THOLEN
7                                      Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR